116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, on its own behalf and on behalf of
the Chemehuevi Indian Tribe, Plaintiff-Appellee,
v.
Ron JORGENSEN; Marilyn Jorgensen, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis CRAVENS; Mollie Cravens, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
James WHITED, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
George BARTLETT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin ZIEGLER; Charles Ziegler, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
George HENNES; Beth Hennes, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas BREZINSKI; Kim Brezinski, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
James EVANS; Carolyn Evans, Defendants-Appellants.
UNITED STATES of America, on its own behalf and on behalf of
the Chemehuevi Indian Tribe, Plaintiff-Appellee,
v.
Arnold WINNOR; Dianna Winnor, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dorothy SMITH, Defendants-Appellants.
 Nos. 93-55296, 93-55298, 93-55300, 93-55302, 93-55304,
93-55308, 93-55310, 93-55311, 93-55314, 93-55315.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1997
Decided June 27, 1997.
 
 Appeals from the United States District Court for the Central District of alifornia, CV-92-03819-TJH; Terry J. Hatter, Jr. District Judge, Presiding.
 Before SCHROEDER, BRUNETTI, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants-Appellants, residents of the Havasu Landing Resort mobile home park, appeal the district court's order of ejectment. We affirm.
 
 
 3
 Defendants do not dispute that the land in question is owned by the federal government. It is also undisputed that the plaintiffs have no current lease. The record is void of any indication that defendants have any possessory interest in the land.
 
 
 4
 Defendants contend that the tribe was forever divested of beneficial ownership of the land in 1941. A tenant in possession, however, is estopped from contesting the landlord's title in an ejectment action. See Restatement (Second) of Property (Landlord and Tenant) § 4.3 cmt.b (1976). Moreover, it is undisputed that the United States has title, whether or not it is held in trust for the tribe.
 
 
 5
 The district court's ejectment order was proper.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3